IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

JORDEN HOLLINGSWORTH,

       Plaintiff,

   v.

TERRA KAI ORGANICS, INC. d/b/a
JUCE ORGANICS, and ATRIUM
PAYROLL SERVICES, LLC,

       Defendants.

Case No. 3:26-cv-00276-AB

OPINION & ORDER

Jorden Hollingsworth

    Self-represented

Al L. Roundtree
Fox Rothschild LLP
1001 Fourth Avenue Suite 4400
Seattle, WA 98154

    Attorney for Defendant Terra Kai Organics, Inc.

Jessica Wilcox
William Greg Lockwood
Gordon Rees Scully Mansukhani LLP
1300 SW Fifth Ave Suite 2000
Portland, OR 97201

    Attorneys for Defendant Atrium Payroll Services, LLC

1 – OPINION & ORDER

**BAGGIO, District Judge:**

Plaintiff Jorden Hollingsworth brings this suit against Defendants Terra Kai Organics, doing business as Juce Organics, and Atrium Payroll Services. Notice of Removal Ex. B. ("Compl."), ECF No. 1-2. Plaintiff brings four claims under Oregon state law: (1) retaliation for protected wage activity; (2) willful failure to pay final wages and penalty wages; (3) unlawful falsification of payroll records; and (4) conversion. *Id.* ¶¶ 42–70. Defendant Terra Kai removed the suit from state court to this Court on the basis of diversity jurisdiction. Notice of Removal, ECF No. 1. Plaintiff moves to remand this matter to state court on grounds that the removal was procedurally defective. Pl.'s Mot. Remand, ECF No. 7. For the reasons below, the Court grants Plaintiff's Motion to Remand.

## BACKGROUND

Plaintiff filed this suit in Multnomah County Circuit Court on January 5, 2026. Compl. Plaintiff subsequently served Defendant Terra Kai on January 12, 2026 and Defendant Atrium on January 14, 2026. Notice of Removal Ex. I, ECF No. 1-9 (Terra Kai service); Notice of Removal Ex. G, ECF No. 1-7 (Atrium service); *see also* Hollingsworth Decl. ¶¶ 2–3, ECF No. 8. On February 10, 2026, Defendant Terra Kai removed to this Court on the basis of diversity jurisdiction. Notice of Removal ¶¶ 5–23.[1] The Notice of Removal did not indicate Defendant Atrium joined in or consented to removal. *See generally* Notice of Removal. On February 18, 2026, Plaintiff moved to remand to state court. Pl.'s Mot. Remand. The following day, February 19, 2026, Defendant Atrium filed a Notice of Consent, alerting the Court and parties that Defendant Atrium "consents to . . . removal." Notice of Consent ¶ 2, ECF No. 9.

---

[1] There are two paragraphs denoted as paragraph '5' in the Notice of Removal. This citation refers to the latter paragraph '5'.

2 – OPINION & ORDER

**STANDARDS**

A defendant may remove a civil action filed in state court to federal court if the federal court would have had original jurisdiction over the suit. 28 U.S.C. § 1441(a). Federal courts have original jurisdiction where an action arises under federal law, *id.* § 1331, or where each plaintiff's citizenship is diverse from each defendant's citizenship and the amount in controversy exceeds $75,000, exclusive of interest and costs, *id.* § 1332(a). To remove an action to federal court, a defendant must file the notice of removal within thirty days of service of the pleading or summons. *Id.* § 1446(b)(1). "When a civil action is removed solely under section 1441(a), all defendants who have been properly joined and served must join in or consent to the removal of the action." *Id.* § 1446(b)(2)(A). In turn, a plaintiff may move to remand, within thirty days of the notice of removal, on grounds that the removal was procedurally defective. *Id.* § 1447(c). "In general, removal statutes are strictly construed against removal . . . and any doubt is resolved against removability." *Luther v. Countrywide Home Loans Serv., LP*, 533 F.3d 1031, 1034 (9th Cir. 2008).

**DISCUSSION**

Plaintiff argues that "[a]lthough [Defendant] Terra Kai filed removal within its own 30-day removal period, Defendant [Atrium]—a properly joined and served defendant—did not join in or consent to that removal within the statutory window required by 28 U.S.C. § 1446(b)(2)(A)." Pl.'s Mot. Remand 1. Defendant Terra Kai does not appear to dispute that Defendant Atrium's consent was late and therefore the removal was procedurally defective. *See* Def.'s Resp. Opp. Mot. Remand ("Def.'s Resp.") 2, ECF No. 10.[2] Rather, Defendant Terra Kai

---

[2] Defendant Atrium joined Defendant Terra Kai's response in opposition to Plaintiff's Motion to Remand. Notice of Joinder, ECF No. 11.

3 – OPINION & ORDER

argues that "the rule of unanimity can be substantially satisfied after removal" because "Defendants cured the procedural defect by getting consent before the Court rule[d] on the issue." *Id.* The Court finds the consent to be late and incurable, and thus remands.[3]

## I.    Deadline for Consent under 28 U.S.C. § 1446

Although the parties do not address the topic, the Court first establishes whether Defendant Atrium's consent was in fact untimely.

The statute governing consent to removal provides as follows:

(A) When a civil action is removed solely under section 1441(a), all defendants who have been properly joined and served must join in or consent to the removal of the action.
(B) Each defendant shall have 30 days after receipt by or service on that defendant of the initial pleading or summons described in paragraph (1) to file the notice of removal.
(C) If defendants are served at different times, and a later-served defendant files a notice of removal, any earlier-served defendant may consent to the removal even though that earlier-served defendant did not previously initiate or consent to removal.

28 U.S.C. § 1446(b)(2). Section 1446(b)(A) does not identify a deadline for consent. Indeed, "[t]he law is unsettled on this issue, and the Ninth Circuit has not weighed in after the 2011 amendments to § 1446." *Ray v. Dzogchen Shri Singha Found. USA, Inc.*, No. 3:23-cv-233-SI, 2023 WL 3451987, at *3 (D. Or. May 15, 2023). As recently as February of this year, district courts in this circuit grappled with this uncertainty. *See Comm'r Ins. for Nevada v. Ironshore Specialty Ins. Co.*, No. 2:25-cv-000789-ART-EJY, 2026 WL 381891, at *4 (D. Nev. Feb. 9, 2026) ("Following the [2011] amendments, the Ninth Circuit has not addressed the consent

---

[3] Because the Court only reaches the issues raised in Plaintiff's Motion—procedural defect in removal—and not the issues raised in Plaintiff's Reply, the Court does not address Defendant Terra Kai's Motion for Leave to File Sur-Response. *See* Pl.'s Reply Supp. Remand, ECF No. 14; Def.'s Mot. Leave File Sur-Resp., ECF No. 15.

deadline, leaving district courts to implement a variety of different approaches."). *Ray*

summarizes the different approaches:

> In considering the proper deadline for consent, some courts select the date by which the removing defendant must file its own notice of removal; that is, within 30 days of the removing defendant's service or receipt of the summons or complaint. *See, e.g.*, [*Palmeira v. CIT Bank, N.A.*, No. 17-00275 ACK-RLP, 2017 WL 4797515, at *5–6 (D. Haw. Oct. 24, 2017)]; *Gibbs v. Ocwen Loan Servicing, LLC*, [No. 3:14–CV–1153–M–BN,] 2014 WL 2767206, at *2 (N.D. Tex. June 18, 2014). Others identify the deadline as 30 days from the date of removal, which aligns with the deadline for the motion to remand. *See, e.g.*, *Centura Health Corp. v. Agnew*, [No. 18-cv-00569-RBJ,] 2018 WL 3454976, at *4–5 (D. Colo. July 18, 2018); *Padilla v. Am. Mod. Home Ins. Co.*, 282 F. Supp. 3d 1234, 1264 (D.N.M. 2017); *Pattison v. Nevada ex rel. Nev. Dep't of Corr.*, [No. 3:14–cv–20–MMD–VPC,] 2014 WL 2506467, at *3 (D. Nev. June 3, 2014). Still others select 30 days from the time that the consenting defendant was served. *See* [*Taylor v. Medtronic, Inc.*, 15 F.4th 148, 150–51 (2d Cir. 2021)]; [*Couzens v. Donohue*, 854 F.3d 508, 514 (8th Cir. 2017)]; *see also Powers v. United States*, 783 F.3d 570, 576 (5th Cir. 2015) (citing § 1446(b)(2)(B) for proposition that consenting defendant filed timely consent because it was filed within 30 days of when the consenting defendant was served).

*Ray*, 2023 WL 3451987, at *3; *see also Comm'r*, 2026 WL 381891, at *4 (setting forth "three

different rules for calculating the timeliness of consent").

This split is dispositive for the instant facts. Defendant Terra Kai was served on January

12, 2026. Notice of Removal Ex. I. Defendant Atrium was served on January 14, 2026. Notice of

Removal Ex. G. Defendant Terra Kai removed to this Court on February 10, 2026. Notice of

Removal. Defendant Atrium filed its consent on February 19, 2026. Notice of Consent. If the

Court holds the deadline to consent is thirty days from service upon the removing defendant,

Defendant Atrium's consent is untimely. If the Court holds the deadline to consent is thirty days

from the date of removal, Defendant Atrium's consent is timely. If the Court holds the deadline

to consent is thirty days from the date of service on the consenting defendant, Defendant

Atrium's consent is untimely.

5 – OPINION & ORDER

Without deciding whether the first or third category is the proper construction of the deadline, the Court concludes that the second category of cases—the category that would save Defendant Atrium by construing the deadline to consent as thirty days from the date of removal—is not applicable here because those cases all involve removal by a later-served defendant. *See Centura*, 2018 WL 3454976, at *4–5; *Padilla*, 282 F. Supp. 3d at 1240; *Pattison*, 2014 WL 2506467, at *1. That context presses upon 28 U.S.C. § 1446(b)(2)(C). While § 1446(b)(2)(C) does not set an exact deadline for an earlier-served defendant to consent when a later-served defendant removes, the statute contemplates generosity towards the earlier-served defendant. In that sequence—where, for example, a later-served defendant removes months after the earlier-served defendant was served—service upon the earlier-served defendant is not a relevant metric. Here, in contrast, Defendant Terra Kai is both the earlier-served and removing defendant, and thus Defendant Terra Kai removed within the thirty-day period following service upon Defendant Atrium. Because Defendant Atrium did not file its consent until February 19, 2026, thirty-eight days after service on Defendant Terra Kai and thirty-six days after service on Defendant Atrium, consent was untimely and rendered the removal procedurally defective.

In addition to the above reasoning, the Court notes that Defendants do not raise any arguments regarding the deadline to consent, that Defendants concede there was a procedural defect, Def.'s Resp. 2, and that "removal statutes are strictly construed against removal[,]" *Luther*, 533 F.3d at 1034. The Court next turns to whether Defendant Atrium's consent, albeit untimely, nevertheless cured the defect.

## II.    Curing of Untimely Consent

Defendant Terra Kai argues that Defendant Atrium's consent cures the procedurally defective removal. Def.'s Resp. 2. In support, Defendant Terra Kai relies on *Destfino v. Reiswig*,

630 F.3d 952 (9th Cir. 2011). Def.'s Resp. 2. In *Destfino*, the Ninth Circuit wrote "the district court may allow the removing defendants to cure the defect by obtaining joinder of all defendants prior to the entry of judgment." *Destfino*, 630 F.3d at 957. "Despite this seemingly straightforward statement, however, there are reasons to doubt the applicability of *Destfino*." *Dominguez v. Werner Enters. Inc.*, No. 5:25-cv-02401-SPG-E, 2025 WL 3493892, at *2 (C.D. Cal. Dec. 3, 2025). Indeed, district courts have identified two primary problems with removing defendants relying upon *Destfino* for this curative proposition.

First, *Destfino* relies, for this cure-before-judgment proposition, on *Soliman v. Philip Morris Inc.*, 311 F.3d 966, 970 (9th Cir. 2002), which in turn relies upon *Parrino v. FHP, Inc.*, 146 F.3d 699, 703 (9th Cir. 1998). Both *Soliman* and *Parrino* "were adjudicated on appeal after they were fully litigated on the merits, and the Ninth Circuit's holding expressly applies only to appellate courts." *Ray*, 2023 WL 3451987, at *4. Judicial efficiency animated the reasoning in the appellate context: "to wipe out the adjudication post-judgment, and return to state court a case now satisfying all federal jurisdictional requirements, would impose an exorbitant cost on our dual court system, a cost incompatible with the fair and unprotracted administration of justice." *Perrino*, 146 F.3d at 703 (quoting *Caterpillar, Inc. v. Lewis*, 519 U.S. 61, 63 (1996)). *Destfino* ostensibly extended the holding in *Soliman* and *Perrino* to the district court context; however, *Destfino* had no need to do so because, in that case, "none of the non-joining defendants was properly served . . . ." *Destfino*, 630 F.3d at 957. In this light, some courts call *Destfino*'s cure-until-judgment proposition "dicta," *Ray*, 2023 WL 3451987, at *4, while others limit *Destfino* to situations where the procedural defect is not raised until later in the case, *Terteling v. Terteling*, No. 1:22-cv-00271-CWD, 2022 WL 9327714, at *5 (D. Idaho Oct. 14, 2022), while still others limit *Destfino* to situations where the non-joining defendants were not

7 – OPINION & ORDER

properly served, *Bender v. Sunbeam Prods., Inc.*, No. 5:25-cv-01571-SPG-BFM, 2025 WL 2555790, at *4 (C.D. Cal. Sept. 4, 2025). *See also Dominguez*, 2025 WL 3493892, at *2 (summarizing these developments).

The second problem is that *Destfino* was decided in January 2011, before the December 7, 2011, amendments to § 1446(b) codified the unanimity rule in § 1446(b)(2). *Dominguez*, 2025 WL 3493892, at *3 (citing Pub. L. No. 112-63, § 103(b)(3)(B), 125 Stat. 760, 762 (2011)). "Because § 1446(b)(2)(A) does not contain any statutory method for curing deficiencies, it is doubtful that the Court may imply one, notwithstanding the language in *Destfino*." *Id.*

The Court acknowledges there is a split among district courts, summarized in 2023 as follows:

> Citing the Ninth Circuit's decision in [*Destfino*], some courts have found the removing defendant can cure violation of the rule of unanimity by obtaining joinder or consent of all defendants after the removal period. *See, e.g.*, *Wang v. BB Wells Inv. Inc.*, No. 21-04624, 2022 WL 1165947, at *3 (C.D. Cal. Apr. 19, 2022) (collecting cases) . . . . Others, however, have recognized *Destfino* was decided before the 2011 amendments to the removal statute and have found defendants cannot cure the procedural defect in question by obtaining consent after the 30-day removal period. *See, e.g.*, *Palmeira*, 2017 WL 4797515, at *3, 6 . . . [*Ray*, 2023 WL 3451987, at *3].

*Hauss v. Home Depot USA, Inc.*, No. 2:23-cv-01138-KJM-JDP, 2023 WL 5382164, at *2 (E.D. Cal. Aug. 21, 2023).

Split notwithstanding, a review of district court decisions in the Ninth Circuit suggests that the majority position, especially in recent years, is that *Destfino* does not stand for the proposition that a procedurally defective removal may be cured by untimely, even if pre-judgment, consent. *See, e.g.*, *Boloori v. Mercedes-Benz USA, LLC*, No. 2:25-cv-11779-AH-(MARx), 2026 WL 453510, at *2 (C.D. Cal. Feb. 17, 2026) ("The Court agrees with the reasoning of those courts in this circuit which hold that a procedurally defective [notice of

removal] cannot be cured outside the statutory 30-day window."); *Comm'r Ins. for Nevada*, 2026 WL 381891, at *2 ("Since [the 2011] amendment, many courts have declined to apply the rule with the same leniency as before."); *Bender*, 2025 WL 2555790, at *4 ("The Court disagrees that *Destfino* is an apt comparison to the instant motion."); *Jarjour v. Nationstar Mortg. LLC*, No. 2:25-cv-29-BJR, 2025 WL 1106200, at *4–5 (W.D. Wash. Apr. 14, 2025) (holding "*Destfino* does not establish a broad rule allowing consent to removal up until the entry of judgment" and that since the 2011 amendments, "most courts strictly construe the statute to require that any cure in a procedural defect must happen before the 30-day removal period expires"); *Dominguez*, 2025 WL 3493892, at *2 ("[T]here are reasons to doubt the applicability of *Destfino*."); *Gray v. Alvarez*, No. 2:24-cv-2401 DJC CSK P, 2025 WL 1009096, *4 (E.D. Cal. Apr. 4, 2025) (same, relying on *Hauss*); *Hauss*, 2023 WL 5382164, at *2 (E.D. Cal. Aug. 22, 2023) ("[T]he court joins with district courts that have found the procedural defect in question cannot be cured after the 30-day removal period has run . . . ."); *Terteling*, 2022 WL 9327714, at *4, *6 (holding "*Destfino* was not decided under the amendments" and that "the Court finds nothing in the statute that provides the Court with any discretion to allow a party to cure a failure to meet the statute's requirements once the 30-day period for removal lapses"). *But see Dods v. Kido Sports Co., Ltd*, No. 2:25-cv-09698-WLH-MAA, 2026 WL 523480, at *4 (C.D. Cal. Feb. 24, 2026) ("[I]f a consent defect did exist, it can be cured at any point prior to entry of judgment without a need to remand the matter to state court."); *Wang*, 2022 WL 1165947, at *3 (acknowledging the split among district courts with respect to *Destfino* and "[a]ssuming district courts have discretion to allow defendants to cure the unanimity defect prior to entry of judgment" before ultimately granting motion to remand because "exercising such discretion in this matter would not be appropriate"); *Perket v. Keck*, No. 3:21- CV-00251-AC, 2021 WL 4237144, at *5 (D. Or.

9 – OPINION & ORDER

Aug. 3, 2021), *report and recommendation adopted*, 2021 WL 4226049 (D. Or. Sept. 15, 2021) (relying on *Parrino* and *Soliman* for the proposition that "[t]hough each properly-served defendant is required by 28 U.S.C. § 1446(b)(2)(A) to join in the removal within thirty days of the receipt of the pleading on which removal jurisdiction is based, the Ninth Circuit has repeatedly held defects in removal can be cured before judgment").

What this Court views as the majority position among district courts in the Ninth Circuit is also the position of the Second Circuit, which noted that "when the rule of unanimity was a judge-made rule, courts could allow judge-made exceptions to that rule. But . . . [w]here, as here, Congress provides no exceptions to the rule, we are not at liberty to create one." *Taylor v. Medtronic, Inc.*, 15 F.4th 148, 151 (2nd Cir. 2021). In sum, this Court joins other courts in finding the procedural defect in question cannot be cured after the deadline.

*** 

Because Defendant Atrium failed to join in or consent to removal within thirty days of service of the state court filings, and because this procedural defect cannot be cured outside of that window, the Court grants Plaintiff's Motion to Remand.

## CONCLUSION

The Court GRANTS Plaintiff's Motion to Remand. All other pending motions are DENIED as moot. Pursuant to 28 U.S.C. § 1447(c), the Clerk is directed to REMAND this case to the Circuit Court of the State of Oregon for the County of Multnomah.

IT IS SO ORDERED.

DATED this 18th day of May, 2026.

AMY M. BAGGIO
United States District Judge

10 – OPINION & ORDER